IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| CORSICA LAMBERT, BRITTNAY POWE, JASON NAPIER<br>　　　Plaintiffs, | \| | |
| | \| | |
| vs. | \| | Case No.: |
| | \| | |
| MOBILE COUNTY COMMISSION; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF<br>PAUL BURCH; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>JONATHAN RIVERS; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>JOSHUA GRIMM; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>ERIC BLACKWOOD; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>J. T. THORNTON; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>BRANDON LIGHT; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>DANIEL FRANKLIN; and | \| | |
| | \| | |
| MOBILE COUNTY SHERIFF DEPUTY<br>MICHAEL POZOBYT<br>　　　Defendants. | \| | |

1

<u>COMPLAINT</u>

<u>Jurisdiction</u>

This Court has subject matter jurisdiction over these matters under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. This being an action authorized by law to redress the deprivation under color of State law, statute, ordinance, regulation, custom or usage of a right, privilege, and immunity security to the Plaintiffs by the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States. Plaintiffs also invoke the pendant jurisdiction of the Court to decide claims under State law.

<u>Parties</u>

1. Plaintiffs, Corsica Lambert, Jason Napier, and Brittnay Powe are residents of Mobile County, Alabama.

2. Mobile County Commission is the governing body of the Mobile County, Alabama.

3. Sheriff PAUL BURCH is a resident of Mobile County, Alabama, and at all times material to this Complaint, Defendant Burch acted under color of Alabama law as Sheriff for Mobile, County.

4. Defendant JONATHAN RIVERS, is a resident of Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy by the Mobile County Sheriff's Office.

5. Defendant JOSHUA GRIMM, is a resident of Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy by the Mobile County Sheriff's Office.

6. Defendant J. T. THORNTON, is a resident of Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy by the Mobile County Sheriff's Office.

7. Defendant, MICHAEL POZOBYT, is a resident of Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy of the Mobile County Sheriff's Office.

8. Defendant, CURTIS RENFROE, is a resident of Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy of the Mobile County Sheriff's Office.

9. Defendant, BRANDON LIGHT, is a resident of Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy of the Mobile County Sheriff's Office.

10. Defendant, DANIEL FRANKLIN, is a resident of the Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy of the Mobile County Sheriff's Office.

11. Defendant, ERIC BLACKWOOD, is a resident of the Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy of the Mobile, County Sheriff's Office.

12. Defendant, X NILES, a resident of the Mobile County, Alabama, and at all times material to this Complaint, was employed as a Deputy of the Mobile, County Sheriff's Office.

<u>Statement of Facts</u>

13. Defendant Paul Burch is the Sheriff of the Mobile County Sheriff's office.

14. Upon information and belief, Defendant Burch and employees of the MCSO are the owners and operator of TEAM SHERIFF, a Facebook page that makes comments on ongoing investigations through insulting parodies and false accounts regarding persons presumed innocent until proven guilty.

15. In October of 2022, the MCSO had an active investigation for Joseph Timmons.

16. Corsica Lambert, Jason Napier, Britnay Powe, and Vivian Powe were not identified as co-defendants to Joseph Timmons in any active case or investigation.

17. On the morning of October 26, 2024, agents of the Mobile County Sheriff's office surveilled the residence of Corsica Lambert and Jason Napier without a valid search warrant.

18. After surveilling the residence an officer under the supervision of Paul Burch, without announcing himself or presenting identification, attempted to gain consent to enter and search the home of Corsica Lambert and Jason Napier.

19. Jason Napier refused entry into the home citing the absence of a search warrant. Further, informing the officer that Joseph Timmons did not reside at the residence.

20. Shortly after 6:00 PM, Ms. Lambert returned home and left to go out for dinner with Jason Napier.

21. On or about October 26, 2022, Deputies Rivers, Thornton, Grimm, Blackwood, Renfroe, Light, Franklin, and Pozobyt performed an unlawful traffic stop and detention of Corsica Lambert and Jason Napier.

22. Corsica Lambert and Jason Napier were forced from their vehicle without probable cause or reasonable suspicion of criminal activity.

4

23. Corsica Lambert and Jason Napier were unlawfully detained and placed in fear of imminent harm or injury by the forceful removal performed by the aforementioned officers.

24. Deputies initially alleged that the traffic stop was based upon illegal tint.

25. Deputies ultimately withdrew this reasoning when informed that the vehicle was purchased with legal dealership tint.

26. Officers then interrogated Corsica Lambert and Jason Napier without probable cause concerning the whereabouts of Joseph Timmons.

27. During this incident, Corsica Lambert and Jason Napier were accosted, threatened, interrogated and detained. Ms. Lambert and Mr. Napier were subsequently released without charging or processing.

28. Approximately 6:30 in the evening of October 26, 2022, 6:30 PM, Defendant Jonathan Rivers orchestrated an illegal traffic stop of a vehicle occupied by Corsica Lambert and Jason Napier.

29. Jonathan Rivers, Eric Blackwood, Curtis Renfro, Brandon Light, Daniel Franklin, Joshua Grimm, and Michael Pozobyt directed the vehicle operated by Jason Napier into a vacant area of a church located at the corner of Nursery Road and Wuff Road. Officers grabbed Corsica Lambert and Jason Napier and forcefully removed them from the vehicle while screaming threats to break limbs.

30. The unlawful traffic stop, actual assault, detention, and unlawful arrest of Corsica Lambert, Jason Napier, Britnay Powe occurred at 3810 Mavis Pl, Semmes, AL 36575.

31. The Plaintiffs never encountered law enforcement or had the opportunity to be charged for conduct arising at 9711 Brooklyn's Way N. Semmes, Alabama 36575.

32. While this unlawful arrest was occurring, Defendants Rivers, Blackwood, Renfro, Light, Franklin, Grimm, Pozobyt, and Thornton orchestrated an unlawful breaking and entering of 9711 Brooklyn's Way N. Semmes, Alabama 36575.

33. At or around 6:25 PM on the same day, officers forcefully entered the home of Corsica Lambert and Jason Napier without a warrant or probable cause.

34. Deputies discovered that the home was equipped with exterior and interior surveillance cameras.

35. Deputies immediately began snatching the surveillance cameras out of the ceiling.

36. It is a known fact that Mobile County Sheriff officers are currently the only law enforcement agency in the county allowed to perform investigations, interrogations, and police activity without department required body cameras or recording devices.

37. Deputies then discarded these cameras in the kitchen sink.

38. Unbeknownst to officers, the cameras were internet cloud-based cameras. These cameras continued to record and preserve the actions and conversations of the officers.

39. Deputies searched the home destroying personal property of Corsica Lambert and Jason Napier without probable cause or lawful authority.

40. Joseph Timmons was not found inside the home.

41. Deputies can be heard on the recording stating "That's ok, we'll just charge them on the back end."

42. Deputies left the home with considerable damage to the doors and fixtures.

43. Deputies Rivers, Thornton, Renfro, Grimm, Light, Franklin, Pozobyt, Niles, and Ligon unlawfully seized a laptop and other personal property of Corsica Lambert and Jason Napier prior to leaving the residence.

6

44. Deputies Thornton and Grimm left the residence after unlawfully breaking and entering the home with the assistance of the aforementioned deputies.

45. After the unlawful breaking and entering of the home of Corsica Lambert and Jason Napier, Deputies contacted the Hon. Judge George M. Zoghby to secure a search warrant under false pretenses.

46. Deputies Thornton and Grimm were issued a search warrant for 9711 Brooklyn's Way N., Semmes, Alabama 32575 at 8:40PM, October 26, 2022. This search warrant was issued some 2 hours after the unlawful entering of the home at 9711 Brooklyn's Way N. Semmes, Alabama 32575 already occurred.

47. Deputies later fabricated a false search warrant return stating that the execution of the warrant was made at 9:19PM.

48. Video and eye-witness testimony confirm the aforementioned Deputies acted in concert to unlawfully arrest and detain Corsica Lambert, Jason Napier, and Britnay Powe in a conspiracy to conceal an unlawful breaking and entering of the 9711 Brooklyn's Way N. home.

49. Following this series of unlawful events, Mobile County Sheriff Paul Burch took to public news to give a fictious account of the night's events.

50. On October 27, 2024 the Mobile County Sheriff Office gave fictitious accounts of the night's events on their TEAM SHERIFF Facebook page.

51. On October 27, 2022, the officers of the MCSO followed up their initial false report by making an equally fictitious social media post titled "HAPPY THUG THURSDAY" on their "TEAM SHERIFF" Facebook page. This report falsely alleged that the Plaintiffs were involved in the aforementioned activity. This post further falsely alleged that they

entered the home with a lawful search warrant after the initial refusal. They followed up these statements and boasted of unlawful arrests with threats against Mr. Timmons family "#hideyomama, #hideyostepdaddy, #hideyostepsister".

52. THE MCSO TEAM SHERIFF post closed with threats to continue to "go places you frequent… we will continue to contact your friends and family…".

53. Paul Burch reported the following according to a recorded interview:

"Anytime we're looking for a murderer we will pull out all the stops. We're gonna find him."

…According to investigators went to Timmons' home looking for him Burch says family members weren't too happy to see them.

"When investigators and deputies arrived at the home they made contact with some residents of the home who were very uncooperative and they know that we're looking for their son,"

"There was a belief that maybe the suspect was in the trunk of the car just because of their comings and goings or hiding in the car, Burch said. "And so deputies went back to the house to clear the house."

https://www.fox10tv.com/2022/10/28/mcso-three-relatives-arrested-search-murder-suspect-continues/

54. Following this interview Corsica Lambert and Britnay Powe were placed on permanent leave from their places of employment.

55. Britnay Powe, a decorated school counselor in Mobile County, was given notice of termination from her place of employment. The notice cited the "news" regarding the fictitious charges filed by the MCSO.

56. Corsica Lambert, Brittany Powe, and Jason Napier were charged under Alabama Code Section 13A-11-7 and 13A-10-41.

57. Charges were initiated in Mobile County District Court against Corsica Lambert, Brittany Powe, Jason Napier, and Vivian Powe.

58. On February 28, 2024, all charges against the Plaintiffs were Nolle Prossed at the State's request.

59. Despite the dismissal, Brittnay Powe was forced to complete hearings before the Mobile County School Board to avoid termination. Corsica Lambert was terminated.

## COUNT I

## ACTION UNDER 42 U.S.C. § 1983

### Mobile County Commission

60. Plaintiff adopts and realleges paragraphs 1-59 as if set forth in full herein.

61. Defendant Mobile County Commission is the governing body for the County of Mobile County, Alabama.

62. Defendant Mobile County Commission is the funding and authorizing source for the Mobile County Sheriff's Office.

63. Mobile County Commission is presumed to have knowledge that the Mobile County Sheriff's Office is required to receive adequate training to ensure that constitutional violations are not created or endorsed under color of law.

64. Mobile County Commission is presumed to know that if deputies are not properly trained in policy and procedure for determining probable cause for search, seizure, and arrest, constitutional violations will occur.

65. The Mobile County Commission does not require or fund the use of mandatory body cameras or recording devices like other law enforcement agencies in this jurisdiction.

66.  The Mobile County Commission by default has open and obvious knowledge that the lack of mandatory body cameras and recording devices permits and promotes constitutional violations without detection or opportunity for objective investigation.

67. Mobile County Commission must not endorse or supervise any form of training, supervision that suborns perjury, involves criminal activity, unlawful assault, unlawful detention, false arrest, criminal mischief, malicious prosecution, and defamation.

68. In the instant case, Mobile County Commission failed to provide sufficient funding and supervision to ensure Mobile County Sheriff officers are properly trained in lawful investigation and arrest practices. Accordingly, Plaintiffs were unlawfully harassed, detained, assaulted, arrested, falsely accused of crimes, and prosecuted without probable cause.

69. The actions of the Mobile County Commission caused Plaintiffs' Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights to be violated. Plaintiffs suffered injury and were denied due process and equal protection of the law as a proximate result.

WHEREFORE, premises considered, Plaintiffs each demand judgment against Defendant Mobile County Commission in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

COUNT II

ACTION UNDER 42 U.S.C. § 1983

**Paul Burch**

70. Plaintiff adopts and realleges paragraphs 1-69 as if set forth in full herein.

71. At all times material to this Complaint, Defendant Paul Burch had direct control over the officers of the Mobile County Sheriff's Office. Sheriff Burch is directly responsible for ensuring that deputies obeyed the laws of Alabama and the United States of America.

72. Defendant Paul Burch's edicts and actions are responsible for providing training, supervision, direction, and correction of Mobile County Sheriff deputies in all matters that require observation of constitutional rights and privileges. The likelihood of the occurrence of constitutional violations during investigation and arrest is obvious in the absence of proper training.

73. It is equally probable and obvious to the Defendant Paul Burch that officers lacking proper training in lawful procedure and process of investigation are effectively caused to engage in unlawful behavior such as unlawful entry, performing illegal traffic stops of innocent citizens, performing illegal detentions of innocent citizens, illegally assaulting innocent citizens, conducting unlawful interrogations of innocent citizens, falsifying sworn reporting and charging documents, engaging in falsification of sworn court documents, destroying evidence, and engaging in malicious prosecution of innocent relatives of criminal suspects to effect arrest.

74. Defendant Paul Burch is presumed to have personally ratified this activity, as he gave public false accounts of the actions of his officers. Specifically, giving news interviews detailing fabricated events not supported by the evidence, subsequent charging documents, or the criminal complaint.

75. As Mobile County Sheriff, Defendant Paul Burch is well aware that members of law enforcement are sworn to refrain from breaking laws in the course of performing their

duties under color of law. Defendant Paul Burch determines policy and procedure for the Mobile County Commission, especially in matters relating to training officers to refrain from state and constitutional law violations.

76. Upon information and belief, Defendant Paul Burch not only endorsed the unlawful actions of his deputies but publicly acted to conceal the actions of the listed deputies on a local news station.

77. In the instant case, Sheriff Paul Burch failed to provide officers Rivers, Thornton, Grimm, Blackwood, Renfroe, Light, Franklin, and Pozobyt with adequate training as to the lawful procedures to be followed when attempting to locate suspects. Additionally, Defendant Burch himself offered false statements and directly acted in concert with the listed officers to conceal unlawful violations of the rights of Corsica Lambert, Brittnay Powe, and Jason Napier.

78. As a result, Lambert and Napier were unlawfully detained, interrogated, assaulted, arrested, falsely accused of a crime, and suffered loss of property due to violations of their Fourth Amendment Right to be free from unlawful arrest. Plaintiffs' Fifth and Fourteenth Amendment Rights to due process and equal protection of the law were also clearly violated. The actions of Defendant Burch and his subordinates were egregious and in clear violation of the Plaintiff's aforementioned constitutional rights.

79. Ms. Powe was unlawfully detained, interrogated, assaulted, arrested, falsely accused of a crime and suffered loss of employment due to violation of her Fourth Amendment right to be free from unlawful arrest. Ms. Powe's Fifth and Fourteenth Amendment Rights to due process and equal protection of the law were clearly violated.

WHEREFORE, premises considered, Plaintiffs each demand judgment against Defendant Mobile County Sheriff Paul Burch in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

## COUNT III

### ACTION UNDER 42 U.S.C. 1983

**Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, and Michael Pozobyt**

80. Plaintiffs adopt and reallege paragraphs 1-79 above as if set forth in full herein.

81. Deputy Jonathan Rivers lacked probable cause to initiate a traffic stop on the vehicle operated and occupied by Jason Napier and Corsica Lambert.

82. Deputy Jonathan Rivers lacked probable cause to act in concert with deputies Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, and Michael Pozbyt to perform an unlawful traffic stop for the purpose of ensuring an unimpeded breaking and entering of their home.

83. The assertion that deputies were attempting to locate Joseph Timmons is pretextual and not supported by evidence as it has been established that they were surveilling the home and vehicle throughout the day. The period of surveillance of the home and vehicle parked outdoors includes the minutes before they sequestered Ms. Lambert and Mr. Napier in a parking lot under false pretenses.

13

84. Deputy Jonathan Rivers lacked probable cause to act in concert with Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, and Michael Pozbyt to threaten, forcefully remove, and assault Corsica Lambert and Jason Napier prior to effecting an unlawful detention and arrest.

85. Deputy Jonathan Rivers acted in concert with Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, J. T. Thornton, X. Niles, and X. Ligon to unlawfully break and enter the home of Corsica Lambert and Jason Napier without a lawful warrant while they were being accosted and unlawfully arrested in a nearby parking lot.

86. Defendant Jonathan Rivers acted in concert to fabricate a criminal report and complaint alleging disorderly conduct when he and the aforementioned officers were in fact the deputies that directed the Plaintiffs into an empty parking lot with emergency lights and threatening behavior without probable cause.

87. Additionally, the aforementioned charges are subterfuge as Defendant Jonathan Rivers acted in concert with another deputy who was simultaneously breaking and entering the home of Corsica Lambert and Jason Napier. After officers completed the unlawful entry of the empty home, an officer acting in concert with Defendant Jonathan Rivers can be heard on recording stating "that's ok, we can just charge them on the back end."

88. At the time of Plaintiffs' arrests, all Plaintiffs were clearly entitled to the Fourth Amendment Right to be free from unlawful arrest and the Fifth and Fourteenth Amendment Rights to due process and equal protection of the law.

89. As a direct and proximate cause of this defendants' unlawful arrest, the Plaintiffs' Fourth Amendment Right against unlawful arrest and Fifth and Fourteenth Amendment Rights to Due Process and the Equal Protection of the law were violated.

90. The actions of the aforementioned deputies were egregious and clear violations of the Plaintiffs' afore stated constitutional rights.

WHEREFORE, premises considered, Plaintiffs each demands judgment against Defendants Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, J. T. Thornton, and Paul Burch in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

COUNT IV

ACTION UNDER 42 U.S.C. 1983

**J. T. Thornton**

91. Plaintiffs adopt and reallege paragraphs 1 through 90 above as if set forth in full herein.

92. Defendant J. T. Thornton lacked probable cause to act in concert with deputies Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Jonathan Rivers, and Michael Pozbyt to effect an unlawful traffic stop for the purpose of ensuring an unimpeded breaking and entering of Plaintiffs' home.

93. The assertion that deputies were attempting to locate Joseph Timmons is pretextual and not supported by evidence as it has been established that they were surveilling the home and vehicle throughout the day. The period of surveillance of the home and vehicle

parked outdoors includes the minutes before they sequestered Ms. Lambert and Mr. Napier in a parking lot under false pretenses.

94. Defendant J. T. Thornton lacked probable cause to act in concert with Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, and Michael Pozbyt to threaten, forcefully remove, and assault Corsica Lambert and Jason Napier prior to effecting an unlawful detention and arrest.

95. Defendant J. T. Thornton acted in concert with Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, J. T. Thornton, X. Niles, and X. Ligon to unlawfully break and enter the home of Corsica Lambert and Jason Napier without a lawful warrant while they were being accosted and unlawfully arrested in a nearby parking lot.

96. Defendant J. T. Thornton acted in concert to fabricate a criminal report and complaint alleging disorderly conduct when he and the aforementioned officers were in fact the deputies that directed the Plaintiffs into an empty parking lot via emergency lights and threatening behavior without probable cause.

97. Additionally, the aforementioned charges are subterfuge as Defendant Jonathan Rivers acted in concert with another deputy who was simultaneously breaking and entering the home of Corsica Lambert and Jason Napier. That officer, after unlawfully entering the empty home, can be heard on recording stating "that's ok, we can just charge them on the back end."

98. At or around 8:40PM, October 26, 2022, after the unlawful breaking and entering of the home of Corsica Lambert and Jason Napier, Defendant J. T. Thornton and Joshua Grimm

offered sworn testimony to the Hon. George M. Zoghby to secure a search warrant for the home they already entered into without a warrant.

99. At or around 9:19PM, October 26, 2022, officers committed a second act of false testimony by representing on a search warrant return that the search of the home was executed at 9:19PM. Not 6:25PM as indicated by eye-witness testimony and surveillance video.

100. The Defendant J. T. Thornton acted in concert with the listed deputies to destroy and confiscate personal property of the Plaintiffs Corsica Lambert and Jason Napier. Further, it is believed that deputies attempted to destroy the possibility of evidence of the unlawful entry by damaging home security cameras.

101. At the time of Plaintiffs' arrests, all Plaintiffs were entitled to the clearly established Fourth Amendment Right to be free from unlawful arrest and deprivation of property and the Fifth and Fourteenth Amendment Rights to due process and equal protection of the law.

102. As a direct and proximate cause of the afore stated deputies unlawful arrest, the Plaintiffs' Fourth Amendment Right against unlawful arrest, deprivation of property, and Fifth and Fourteenth Amendment Right to due process and the equal protection of the law were violated.

WHEREFORE, premises considered, Plaintiffs each demand judgment against Defendants Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, J. T. Thornton, and Paul Burch in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

COUNT V

ACTION UNDER 42 U.S.C. 1983

**Joshua Grimm**

103. Plaintiffs adopt and reallege paragraphs 1-102 above as if set forth in full herein.

104. Defendant Joshua Grimm lacked probable cause to act in concert with deputies Eric Blackwood, Curtis Renfroe, Brandon Light, J. T. Thornton, Jonathan Rivers, Daniel Franklin, Jonathan Rivers, and Michael Pozbyt to effect an unlawful traffic stop for the purpose of ensuring an unimpeded breaking and entering of the home of Corsica Lambert and Jason Napier.

105. The assertion that deputies were attempting to locate Joseph Timmons is pretextual and not supported by evidence as it has been established that they were surveilling the home and vehicle throughout the day. The period of surveillance of the home and vehicle parked outdoors includes the minutes before they sequestered Ms. Lambert and Mr. Napier in a parking lot under false pretenses.

106. Defendant Joshua Grimm lacked probable cause to act in concert with Eric Blackwood, Jonathan Rivers, Curtis Renfroe, Brandon Light, Daniel Franklin, and Michael Pozbyt to threaten, forcefully remove, and assault Corsica Lambert and Jason Napier prior to effecting an unlawful detention and arrest.

107. Defendant Joshua Grimm, acted in concert with Eric Blackwood, Curtis Renfroe, Brandon Light, Jonathan Rivers, Daniel Franklin, J. T. Thornton, X. Niles, and X. Ligon to unlawfully break and enter the home of Corsica Lambert and Jason Napier without a

18

lawful warrant while they were being accosted and unlawfully arrested in a nearby parking lot.

108. Defendant Joshua Grimm acted in concert to fabricate a criminal report and complaint alleging disorderly conduct when he and the aforementioned officers were in fact the deputies that directed the Plaintiffs into an empty parking lot with emergency lights and threatening behavior without probable cause.

109. At or around 8:40PM, after the unlawful breaking and entering of the home of Corsica Lambert and Jason Napier, Defendant J. T. Thornton and Joshua Grimm committed perjury through sworn testimony to the Hon. George M. Zoghby to secure a search warrant for a home they had already broken into.

110. At or around 9:19PM, Defendants Thornton, Grimm, Pozobyt, Niles, and Ligon committed a second act of perjury by representing on a search warrant return that the search of the home was executed at 9:19PM, not 6:25PM as indicated by eye-witness testimony and surveillance video.

111. The Defendant Joshua Grimm acted in concert with the listed deputies to destroy and confiscate personal property of the Plaintiffs Corsica Lambert and Jason Napier. At the time of Plaintiffs' arrests, all Plaintiffs were entitled to the clearly established Fourth Amendment Right to be free from unlawful arrest, deprivation of property, and the Fifth and Fourteenth Amendment Rights to due process and equal protection of the law.

112. As a direct and proximate cause of this defendant's unlawful arrest, the Plaintiffs' Fourth Amendment Right against unlawful arrest, deprivation of property, and Fifth and Fourteenth Amendment Right to Due Process and the Equal Protection of the law were violated.

19

WHEREFORE, premises considered, Plaintiffs each demand judgment against Defendants Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, J. T. Thornton, and Paul Burch in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

COUNT VI

<u>FALSE IMPRISONMENT</u>

**Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, and J. T. Thornton**

113. Plaintiff realleges paragraphs 1 through 112 above and incorporate them as if contained in full herein.

114. Deputies Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, and J. T. Thornton acted in concert to effect an unlawful traffic stop without probable cause. Plaintiffs Corsica Lambert, Jason Napier, and Brittnay Powe were unlawfully arrested while officers unlawfully entered the home of Lambert and Napier.

115. It was unreasonable and egregious for the listed MCSO deputies to stop, assault, detain, and arrest Plaintiffs, who did not pose a threat and who did not in any way resemble the target of their investigation. The unlawful traffic stop and arrest violated of Plaintiffs' clearly established Fourth Amendment right to be free from unlawful arrest, Fifth and Fourteenth Amendment Rights to due process and equal protection under law.

WHEREFORE, premises considered, Plaintiffs each demand judgment against Defendants Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, J. T. Thornton, and Paul Burch in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

## COUNT VII

## MALICIOUS PROSECUTION

**Mobile County Sheriff Paul Burch, Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, and J. T. Thornton**

116. Plaintiff realleges paragraphs 1 through 115 above and incorporate them as if contained in full herein.

117. Mobile County Sheriff Paul Burch, Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, and J. T. Thornton on October 26, 2022 maliciously, and without probable cause therefore initiated prosecution against all Plaintiffs.

118. Ms. Lambert was falsely charged with Public Peace- Disorderly Conduct/Disturbing the Peace pursuant to Alabama Code § 13A-11-7 and Obstructing Police-RA Resisting Arrest pursuant to Alabama Code § 13A-10-41.

119. Mr. Napier was falsely charged with Public Peace- Disorderly Conduct/Disturbing the Peace pursuant to Alabama Code13A-11-7, Obstructing Police-RA Resisting Arrest pursuant to Alabama Code § 13A-10-41, and Possession of a Concealed Weapon Without a Permit pursuant to Alabama Code § 13A-11-73.

120. Mrs. Brittnay Powe was charged with Public Peace- Disorderly Conduct/Disturbing the Peace pursuant to 13A-11-7.

121. The charges were investigated and charged in the Mobile County District Court. The charges were dismissed by Motion to Nolle Prosequi by the State of Alabama.

WHEREFORE, premises considered, Plaintiffs each demand judgment against Defendants Jonathan Rivers, Eric Blackwood, Curtis Renfroe, Brandon Light, Daniel Franklin, Joshua Grimm, Michael Pozobyt, J. T. Thornton, and Paul Burch in the sum of FIVE MILLION DOLLARS ($5,000,000), interest, the costs of this action, and reasonable attorney fees as provided for by statute.

<u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all counts.

Respectfully submitted

/s/ M. T. Foxx

_____
Marcus T. Foxx (ASB 6742R79F)
Attorney for the Plaintiffs
PO BOX 41203
Mobile, AL 36640
(251) 510-8608

Defendants May Be Served As Follows:

Mobile County Commission
205 Government St.
Mobile, AL 36633

Mobile County Sheriff Paul Burch
510 S Royal St
Mobile, AL 36603

Jonathan Burch
510 S Royal St
Mobile, AL 36603

Eric Blackwood
510 S Royal St
Mobile, AL 36603

Brandon Light
510 S Royal St
Mobile, AL 36603

Daniel Franklin
510 S Royal St
Mobile, AL 36603

Joshua Grimm
510 S Royal St
Mobile, AL 36603

Michael Pozobyt
510 S Royal St
Mobile, AL 36603

J. T. Thornton
510 S Royal St
Mobile, AL 36603